IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROLAND N. NYONKA          :

    v.                     :   Civil Action No. DKC 12-2264

MVM SECURITY, INC.        :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Roland N. Nyonka, proceeding *pro se*, commenced this action against his employer, MVM Security, Inc., on July 31, 2012, alleging retaliation and racial discrimination under Title VII of the Civil Rights Act of 1964.[1] Concomitantly, he filed a motion for leave to proceed *in forma pauperis*, which was granted on August 14. Defendant answered on December 27, and a scheduling order was subsequently issued, which set forth, *inter alia*, a discovery deadline of May 20 and a dispositive motions deadline of June 17. On May 10, Defendant filed the pending motions to compel discovery and to extend the discovery deadline. (ECF No. 13). Plaintiff has not opposed these motions.

---

[1] The complaint names the defendant as "c/o Mr. Ruben Caraballo." Its substance, however, does not mention Mr. Caraballo, and makes clear that MVM Security, Inc., is the intended defendant, as MVM has acknowledged (ECF No. 13-1, at 1 n.1). The docket will be corrected accordingly.

Ten days later, Defendant filed a status report, with Plaintiff's consent, reflecting (1) that Defendant deposed Plaintiff on May 14; (2) that Plaintiff "has provided written answers to MVM's written interrogatories and has produced some [discovery] documents"; (3) that Defendant intends to file a motion for summary judgment by the June 17 deadline; (4) that Plaintiff will "take leave under the Family Medical Leave Act beginning in June and will be out of the country for three months to care for a sick child"; and (5) that "[t]he parties have recently engaged in efforts aimed at settling the case," but "[b]ecause [they] are only just beginning settlement discussions, they are not currently able to access the likelihood of settlement." (ECF No. 14).

Pursuant to Fed.R.Civ.P. 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery," which "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See also* Local Rule 104.7 ("The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference

without success; and (c) an itemization of the issues requiring resolution by the Court."). Local Rule 104.8 sets forth a specific procedure regarding the filing of a motion to compel. Subsection (a) provides, in relevant part, "[i]f a party who has propounded interrogatories or requests for production [of documents] is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response." Local Rule 104.8.a. Under subsection (b), "[c]ounsel are encouraged to confer with one another before or immediately after a motion to compel is served," and "[i]f they are unable to resolve their disputes, counsel must hold the conference required by [Local Rule 104.7] after serving upon one another all of the documents relating to the motion to compel." Local Rule 104.8.b.

Defendant's motion is not in compliance with this procedure. Specifically, there is no indication that a motion to compel was ever served upon Plaintiff prior to its filing with the court, much less that a conference was held after service was effected. Indeed, Defendant has not filed the certificate required by Local Rule 104.7, nor, apparently, could it do so in good faith. While the exhibits attached to Defendant's motion reflect that it identified alleged

3

deficiencies in Plaintiff's discovery responses and requested supplemental information on several occasions, the supporting memorandum indicates that, in response, Plaintiff supplemented his responses and asserted that he had provided all documents in his possession other than various text messages and photographs on his phone (which he was unable to reproduce, but asserted that he would show to defense counsel). Moreover, the status report reflects that, since the time Defendant filed the motion to compel, it has taken Plaintiff's deposition and it intends to file a motion for summary judgment by the June 17 dispositive motions deadline, which it does not seek to extend. Insofar as Defendant presumably has sufficient evidence to support that motion, it would make little sense to permit an extension of the discovery deadline, particularly where Plaintiff has represented that he has fulfilled his discovery obligations. Accordingly, the motion to compel will be denied.[2]

The motion to extend the discovery deadline is largely predicated upon the success of the motion to compel, *i.e.*, in order to obtain and process supplemental discovery responses, and is essentially rendered moot after the denial of the prior motion. The status report, however, suggests that Defendant

---

[2] Plaintiff is forewarned that he will not be permitted to introduce or rely on any evidence at trial that he has not previously submitted to Defendant in response to a proper discovery request.

will file a motion for summary judgment either shortly before or after Plaintiff leaves the country for three months. Plaintiff has not moved for an extension of the dispositive motions deadline and may be unaware that his failure to respond to a dispositive motion may lead to an adverse final judgment against him. Furthermore, the parties indicate that they have had preliminary settlement discussions, which at least suggests that a referral to a magistrate judge for alternative dispute resolution might be in order. Thus, the parties will be directed to file another status report addressing these potential issues.

Accordingly, it is this 31st day of May, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. The docket will be corrected to reflect that MVM Security, Inc., is the only defendant;

2. Defendant's motions to compel discovery and extend the discovery deadline (ECF No. 13) BE, and the same hereby ARE, DENIED;

3. The parties are directed to file a joint status report within seven (7) days addressing (1) whether referral to a magistrate judge for settlement (and perhaps a stay of the existing schedule pending the outcome) is appropriate, and (2) what consideration, if any, needs to be given to the fact that

Plaintiff intends to be out of the country for the next three months; and

    4.    The clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel for Defendant and directly to Plaintiff.

                                       _____/s/_____
                                       DEBORAH K. CHASANOW
                                       United States District Judge